RONALD D. and DIANE J. ADAMSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Adamson v. Commissioner
Docket No. 9472-75.
United States Tax Court
T.C. Memo 1977-226; 1977 Tax Ct. Memo LEXIS 215; 36 T.C.M. (CCH) 940; T.C.M. (RIA) 770226; July 19, 1977, Filed Diane J. Adamson, pro se. Dean F. Chatlain, for the respondent. QUEALY
MEMORANDUM FINDINGS OF FACT AND OPINION QUEALY, Judge: Respondent determined the following deficiencies in petitioners' Federal income taxes: Year
Deficiency
1971
$135.00
1972
$165.00
The only issue for decision is whether petitioner, a divorced wife, is entitled to claim a dependency exemption for a child when the divorce decree specifically provides such exemption to *216 the father. FINDINGS OF FACT Most of the facts have been stipulated. The stipulation of facts together with exhibits attached thereto are incorporated herein by this reference. Ronald D. and Diane J. Adamson, husband and wife, resided in Leesville, Louisiana, at the date the petition was filed herein. They filed timely joint Federal income tax returns for 1971 and 1972 with the Internal Revenue Service Center in Fresno, California. Diane J. Adamson will hereinafter be sometimes referred to as petitioner. Petitioner obtained a final judgment of divorce from Raymond M. Rolon on December 20, 1968. Pursuant to the decree, petitioner received custody of the four children of that marriage; and Raymond M. Rolon was required to pay $50 per month per child, or a total of $200 a month, to petitioner as child support. The decree also provided that the petitioner would be entitled to claim three of the four children as dependents on her income tax returns and that Raymond Rolon would be entitled to claim the fourth child, Robin Rolin, as a dependent on his income tax returns. During the years 1971 and 1972, Raymond Rolon made child support payments to petitioner each year totaling *217 $2,400, of which $600 was to be allocated to the support of Robin Rolon. However, for these same years, petitioner and her present husband, Ronald D. Adamson, provided more than one-half of the total support of Robin Rolon. Petitioner claimed Robin Rolon as a dependent on her income tax returns for the taxable years 1971 and 1972. Respondent disallowed this deduction for a dependency exemption and increased petitioners' taxable income to reflect this disallowance. OPINION Petitioner claimed her daughter, Robin Rolon, as a dependent on her income tax returns for 1971 and 1972 on the basis that she and her present husband provided over half Robin's support. However, petitioner's divorce decree provided that Robin would be claimed as a dependent by Raymond Rolon, petitioner's ex-husband. Generally, under section 152, [1] the divorced parent providing more than half a child's support is entitled to claim that child as his dependent. However, section 152(e)(2) provides a special rule in cases where the divorce decree specifies a particular parent is entitled to claim a child as a dependent. Under this rule a child of divorced parents shall be treated as having received over *218 half his support from a noncustodial parent, if: (A)(i) the decree of divorce * * * or a written agreement between the parents applicable to the taxable year * * * provides that the parent not having custody shall be entitled to any deduction allowable under section 151 for such child, and (ii) such parent not having custody provides at least $600 for the support of such child during the calendar year, * * * Petitioner recognizes that section 152(e)(2) governs this situation. But she argues that the effect of the statute is unfair since she and her present husband in fact provided over half Robin's support. Petitioner also argues that she was unfairly pressured into giving the dependency exemption to her ex-husband. While this Court may sympathize with petitioner, the statutory wording here is clear and unambiguous. A noncustodial parent who obtains the right to claim a child as a dependent through a divorce decree or a written agreement and provides a minimum of $600 in annual support for such child is presumed to provide over half of that child's support for the purpose *219 of claiming this child as a dependent. Raymond Rolon has fulfilled these requirements. Consequently, he is regarded for the purposes of the Internal Revenue Code as providing over half that child's support, whether he did so or not. While the effect of this rule may at times be harsh, it is clear from the legislative history that Congress intended this result. This provision was enacted to resolve a major area of controversy between taxpayers and the government which created an excessive amount of litigation. The costs to the taxpayers and the government of resolving this issue in the administrative process and in the courts were inordinate when compared with the amounts involved. See H. Rept. 102, to accompany H.R. 6056 (Pub. L. No. 90-78), 90th Cong., 1st Sess. 2-3 (1967). Accordingly, we must conclude that petitioner is not entitled to claim Robin Rolon as a dependent. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, unless otherwise indicated.↩